Barbara L. Hull, #011890
Attorney at Law
77 East Columbus Street
Suite 201
Phoenix, Arizona 85012
(602)412-5800
BarbaraHullLaw@gmail.com
Attorney forAnthony Espinosa Gonzales

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Anthony Espinosa Gonzales,<br><br>　　　　　Defendant. | Case No. 2:17-cr-01311-PHX-DGC<br><br>DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO COMPEL DISCOVERY; PRECLUDE CERTAIN EVIDENCE<br><br>EVIDENTIARY HEARING REQUESTED |

Defendant Anthony Gonzales, by and through counsel undersigned, herebysubmits his Reply in support of his Motion to Compel/Preclude.

As an initial matter, it should be clear that the motion is lodged by Mr. Gonzales, not by his expert. Further, nowhere in the motion are source codes sought. Source codes are proprietary material and the written language that instructs software what to do. In fact, upon information and belief, law enforcement agents do not even possess the source codes to operate the software. It is quite a mystery how the government has gleaned that the defense is seeking source codes. [Doc. 29, page 2, lines 3-5; page 11, line 23 through page 14, line 4.]

1

The defense has made a *prima facie* showing of materiality. It is a low threshold that "is satisfied if the information requested would have 'helped' [defendant] prepare a defense. *Hernandez-Meza*, 720 F.3d at 768." *United States v. Lucas*, No. 15-10103 (9th Cir. 2016). In fact, the government's allegations are in and of themselves enough to establish materiality: "On each of those eight occasions, documented in Counts 1-8 of the Indictment, the agent *connected* with the IP address and the IP address distributed suspected child pornography files to the law enforcement computer, including the child pornography files alleged." [Doc. 29, page 2, lines 9-12.] He "connected" using this software. "In this case, Defendant's computer *came to the FBI's attention* when his computer *publicly offered* torrents known to law enforcement that contained suspected child pornography/child erotica files, on the eight occasions charge din Counts 1-8." Doc 29, page 10, lines 9-11.] It "came to the FBI's attention" using this software. But if the images were not on the computer, then how could defendant's computer offer anything, let alone publicly? The government claims it was a "public" offering to attempt to distract the Court from the Fourth Amendment claims, but refuses to afford the defense to examine how their software accessed a "public offering" that does not exist on that computer. If forensic examinations cannot locate the images on the computer, then this software is clearly functioning in a way that warrants examination by the defense to determine how it located what forensic examinations could not.

The government should not be allowed to put an agent on the stand to testify what his computer did and found without first presenting that computer to the defense for examination to determine if in fact it found and how it found what it claims to have found. Otherwise, we have just the word of the agent. It would be

akin to an officer testifying that someone was driving with a blood alcohol concentration of .24% without ever allowing any defendant to examine the accuracy of the breath testing device.

The government claims the defense "cannot provide any facts that show that the United States is in possession of information that is helpful to the defense." [Doc 29, page 13, lines 14-15.] However, let's assume for the sake of argument that the defense is correct -- that the software overreaches the public domain, that the search warrant was illegally obtained, and that Mr. Gonzales is indeed not guilty of distribution. The government wants this Court, the defense, and a jury, to take their word for how the software works, that it works correctly, that it works within legal parameters, and that it did not hack into Mr. Gonzales' computer, and to tell a jury the same without having to disclose the minimal requested disclosures. The government does this by using an analogy that defies logic and simply does not apply here, and claims that these facts, as alleged by a well-known and reputable expert, are insufficient to establish that this information is helpful to the defense.

The law enforcement privilege does not apply in this case. In "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense," *Roviaro v. United States*, 353 U.S. 53, 60-61, at 62, 77 S. Ct. 623, 1 L. Ed. 2d 639 (1957), this Court must consider that the information sought goes not only to the legitimacy in the first instance of the search warrant, but to the core of the allegations contained in Counts One through Eight. The defense asks the Court to at least consider that the integrity of the system depends on whether the Court was deceived in order to obtain a search warrant. To deny the defense this information would be a denial of due process and an abuse of discretion.

"Defendant has no Expectation of Privacy in Publicly Shared Files." [Doc. 29, page 19, line 18.] Again, the government wants us all to assume that the files were publicly shared without having to prove it. The defense requires the requested disclosure to determine if even that is true -- namely whether in fact the government has violated Mr. Gonzales' Fourth Amendment rights. The Court, and certainly the defense, should not simply take the government's word for it. The defense has a due process right to the evidence requested.

The government spends considerable time attempting to discredit the defense expert, apparently hoping to avoid an evidentiary hearing altogether.[1] This case is about Mr. Gonzales and the basis of the search warrant and the charges in the Indictment. This Court routinely conducts independent assessment of witnesses, facts and analyses of law. The defense will gladly hold the defense expert's credentials up to anyone the government wishes to present. The defense is confident that this Court, upon hearing from the defense expert, will make its own assessment of her credibility and, ultimately, recognize why the government fears her.

It is clear to the defense that this software is conducting illegal hacking into personal computers. At a minimum, the fact that Agent Daniels will testify as to its function and performance, which is the sole evidence upon which the Indictment rests, is sufficient to mandate disclosure under Rule 16.

For these reasons, the Court is requested to compel the information sought by the defense or, in the alternative, dismiss the case. The defense welcomes an

---

[1] The defense will not at this time detail, for example, how many of the cases cited by the government in this regard did not even involve Loehrs & Associates.

evidentiary hearing to present expert testimony and answer any questions the Court may have.

Respectfully submitted this 13th day of August, 2018.

                                      _s/ Barbara L. Hull_____
                                      Barbara L. Hull
                                      Attorney for Mr. Espinosa Gonzales

## CERTIFICATION

I hereby certify that on this date I electronically filed the attached document under seal with the Clerk's Office using the ECF System for filing.

Courtesy copy with accompanying draft form of Order provided this date to The Honorable David G. Campbell at Campbell_chambers@azd.uscourts.gov.

Copy also provided to Anthony Espinosa Gonzales.

Copy also provided to AUSA Gayle Helart at Gayle.Helart@usdoj.gov.

_s/ Barbara L. Hull_____
Barbara L. Hull