Barbara L. Hull, #011890
Attorney at Law
77 East Columbus Street
Suite 201
Phoenix, Arizona 85012
(602)412-5800
BarbaraHullLaw@gmail.com
Attorney for Anthony Espinosa Gonzales

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>   Plaintiff,<br><br> vs.<br><br>Anthony Espinosa Gonzales,<br><br>   Defendant. | Case No. 2:17-cr-01311-PHX-DGC<br><br>DEFENDANT'S MOTION TO COMPEL COMPLIANCE WITH COURT ORDER<br><br>EVIDENTIARY HEARING WELCOMED |

  Defendant Anthony Gonzales, by and through counsel undersigned, regrettably must again seek this Court's intervention in order to direct the government to comply with this Court's Order dated February 19, 2019. This motion is supported by the attached Memorandum of Points and Authorities.

  Respectfully submitted this 15th day of April, 2019.

             _s/ Barbara L. Hull_____
             Barbara L. Hull
             Attorney for Mr. Espinosa Gonzales

MEMORANDUM OF POINTS AND AUTHORITIES

<u>Relevant Background</u>

On February 19, 2019, this Court issued its Order [Doc. 51] granting in part Defendant's Motion to Compel. The motion set forth in detail the reasons appropriate testing of the software is necessary. In the resultant Order, the Court adopted the ruling set forth in Crowe, *United States v. Crowe*, No. 11 CR 1690 MV, 2013 WL 12335320, at *7 (D.N.M. Apr. 3, 2013):

> [T]he defense expert [will be permitted] to examine the software at issue at a designated law enforcement facility, at a mutually convenient date and time, for as much time as is reasonably necessary for the expert to complete her examination. No copies of the software shall be made. The software shall not leave the custody of the law enforcement agency that controls it. Any proprietary information regarding the software that is disclosed to the defense expert shall not be reproduced, repeated or disseminated in any manner. Violation of [this] order shall subject the defense expert and/or defense counsel to potential sanctions by this Court.

[Doc. 51 at p. 15, lls. 9-15.]

On February 28, 2019, undersigned wrote to AUSA Helart advising her that the testing protocol would be provided in the very near future. [Exhibit One.]

On March 1, 2019, AUSA Helart wrote to undersigned outlining what she believed would comply with the Court's Order. [Exhibit Two.]

On March 26, 2019, undersigned wrote to AUSA Helart outlining the testing to be conducted [Exhibit Three] and attaching the Testing Protocol to be followed for that testing. [Exhibit Four.]

On April 9, 2019, AUSA Helart wrote undersigned indicating that the defense would not be allowed to follow its Testing Protocol. [Exhibit Five.] The

letter does not propose an alternate protocol, let alone a protocol claiming to be accepted in the scientific community.

On April 3, 2019, Human Rights Watch published a letter it wrote to the United States Department of Justice regarding this issue as it relates to a similar investigative software, "CPS." [Exhibit Six.] On that same date, ProPublica published an article regarding the BitTorrent programs used by the government in this case and others. [Exhibit Seven.]

Attached the Court will find the April 15, 2019 Affidavit of Tami Loehrs providing her expert opinion of the steps that must be taken to satisfy the Court's Order and the reasons those steps are necessary to comply with this Court's Order. [Exhibit Eight.] That Affidavit details the bases and necessity for the tests contained in the Testing Protocol and outlines the reasons the government's proposal will not comply with the Order.

Argument

The most profound example of the government's lack of understanding of what constitutes software testing is evidenced by its email [Exhibit Two] in the statement, "Ms. Loehrs, or her associates, may bring pen and paper to take handwritten notes."

The defense respectfully submits that nowhere is allowing an expert only a pen and paper compliant with what the scientific community accepts as a proper method for testing how, and how reliably, software operates.

The Court will note that Footnote 14 of the Human Rights letter to the Department of Justice [Exhibit Seven] references the National Institute of Standards and Technology, "Methodology Overview," published February 22, 2018.    [https://www.nist.gov/itl/ssd/software-quality-group/computer-forensics-

tool-testing-program-cftt/cftt-general-0.]  Of note is the letter's statement, [w]here software is concerned, the Justice Department's policy guidance states that such tools 'used to support evidence discovery, extraction and examination, case examination and evaluation and method development shall be technically reviewed by qualified experts and validated prior to use.'  Materials the US Commerce Department's National Institute of Standards and Technology (NIST) has published help demonstrate that it is possible to develop a methodology for objectively testing how, and how reliably, software operates."

The Court will note that that NIST publication, while scientific and expansive, nowhere suggests that an expert testing of software constitutes validation by allowing that expert to " bring pen and paper to take handwritten notes."  In contrast, the Court will note that the Testing Protocol proposed by the defense *does* comport with the NIST Methodology Overview contained in the link provided above.

The defense suggests that the government's proposal is absurd.  Their proposal is not even remotely akin to scientifically-acceptable software testing.

First, the government asserts that the defense expert shall have no access to ICAC COPS database.  Access to ICAC COPS goes directly to the defense Motion to Compel indicating the software is falsely identifying files that do not exist.  It is the ICAC COPS database that Torrential Downpour relies upon to identify files of "suspected child pornography" and is therefore a critical element in testing the software.  It is also apparent that the ICAC COPS database contains thousands of hash values for files that are *not* suspected child pornography, meaning the files are not unlawful; in other words, falsely identifying files that are not illegal.

For example, the Court will note on Doc. #25-1, the Affidavit in Support of Search Warrant in this case, at paragraph 18, Agent Daniels asserted that Torrential Downpour downloaded 31 complete files. Then, at paragraph 24, he asserted that twenty days later he observed "multiple files" that depicted child pornography, yet goes on to describe only three of them. If all 31 files were child pornography, he would have asserted such. This indicates that Torrential Downpour is identifying and downloading files that *do not* depict child pornography. This is yet another example why access to ICAC COPS is required to satisfy the Court's Order.

Further, the government claims they cannot "add" unlawful files to the database. The developer of Torrential Downpour has asserted in other cases that there are files in the ICAC COPS database that are "of interest" but not necessarily illegal. [See Loehrs Affidavit, paragraph 14.] This issue and resultant concerns are also raised in the Human Rights Watch letter. Exhibit Six. Without access to ICAC COPS, this issue with the software cannot be tested or verified.

The government only wants to agree to tests vii, viii and ix which are tests to confirm a single source download and test the logging accuracy. This eliminates all of the tests specifically associated with the Gonzales Motion to Compel and the Court's Order to determine if the software is falsely identifying files that do not exist. That is the very crux of the issue and the purpose for testing the software.

It may bear repeating that it was the *Defendant's* Motion to Compel that resulted in the order for testing. The defense has presented a Testing Protocol that complies with this Court's Order and further complies with scientific standards for software testing protocols, such as those used by the federal government. The government has presented nothing to even suggest otherwise.

For the foregoing reasons, the defense asks that this Court issue its Order compelling the government to permit the previously-ordered expert examination of

the subject software following the defense expert's Testing Protocol, all according to the testing procedure and protocol set forth in Exhibits Three and Four.

Respectfully submitted this 15th day of April, 2019.

                                                _s/ Barbara L. Hull_____
                                                Barbara L. Hull
                                                Attorney for Mr. Espinosa Gonzales

## CERTIFICATION

I hereby certify that on this date I electronically filed the attached document under seal with the Clerk's Office using the ECF System for filing.

Courtesy copy with accompanying draft form of Order provided this date to The Honorable David G. Campbell at Campbell_chambers@azd.uscourts.gov.

Copy also provided to Anthony Espinosa Gonzales.

Copy also provided to AUSA Gayle Helart at Gayle.Helart@usdoj.gov.

_s/ Barbara L. Hull_____
Barbara L. Hull