Barbara L. Hull, #011890
Attorney at Law
77 East Columbus Avenue
Suite 201
Phoenix, Arizona 85012
(602)412-5800
BarbaraHullLaw@gmail.com
Attorney for Anthony Espinosa Gonzales

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Anthony Espinosa Gonzales,<br><br>　　　　Defendant. | Case No. 2:17-cr-01311-PHX-DGC<br><br>DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO COMPEL COMPLIANCE WITH COURT ORDER |

　　　　Defendant Anthony Gonzales, by and through counsel undersigned, submits his Reply in support of his Motion to Compel Compliance.

　　　　As an initial matter, undersigned mistakenly attached to the original motion only the April 14, 2019 Affidavit of Tami Loehrs without its referenced exhibits. That document is attached hereto in its entirety as Exhibit One.

　　　　This Court's Order is clear, sets the stage for testing, and provides as follows:

> [T]he defense expert [will be permitted] to examine the software at issue at a designated law enforcement facility, at a mutually convenient date and time, for as much time as is reasonably necessary for the expert to complete her examination. No copies of the software shall be made. The software shall not leave the custody of the law enforcement agency that controls it. Any proprietary information

regarding the software that is disclosed to the defense expert shall not be reproduced, repeated or disseminated in any manner. Violation of [this] order shall subject the defense expert and/or defense counsel to potential sanctions by this Court.

Doc. 51, page 15.

The government's Response is just continued resistance to the testing ordered by this Court, and further example of the government's overarching pattern of extremes in order to prevent testing of their software. See, e.g., other examples outlined in Doc. 54-7.

It appears unseemly that the Response starts by listing each exhibit to the motion. Defendant assumes, whether incorrectly or otherwise, that the government's reference to the websites and mission statements of the two publications whose articles are attached to the Motion is an attempt to delegitimize those publications and the subject articles. In that vein, Defendant here notes the following quote from the HRW letter: "Human Rights Watch has long promoted accountability for sexual abuse of children around the world, and recognizes that lawful and rights-protecting efforts to prosecute and punish those who commit such crimes are of utmost importance." [Doc. 54-6.] The Response also points out that the ProPublica article quoted undersigned, seeming to again attempt to delegitimize the publication. However, the Response fails to note that that same article also quoted this Court's Order, so perhaps the publication is legitimate after all.

The government is correct that the Human Rights Watch letter to the Department of Justice [Doc. No. 54-6] deals with CPS software, not the Torrential Downpour software used in this case. However, that piece was included as that

software raises the same sort of issues raised by Torrential Downpour, as can also be seen in the ProPublica article [Doc. No. 54-7.]

The defense finds the government's Response troubling in many respects, not the least of which is that it is patently clear that the Response is nothing more than another attempt by the government to resist the ordered testing, taking this opportunity to simply get another bite at the apple to avoid appropriate testing.

To this point, Defendant underscores that, beginning at page 3, line 12 of the Response, the government wants to re-hash its argument regarding law enforcement privilege and ignores the protective nature of the Court's Order, namely the threat of sanctions for copying the software and for disclosing any proprietary information. The defense is only asking to be permitted to access the database under the government's supervision in the government's facility. This repeated argument should not be entertained.

One notable failing of the Response is that the government fails to contest or even address the defense assertion that the Testing Protocol to be used in this case comports with the Department of Justice testing protocol. The Testing Protocol [Doc. 54-4] is consistent with international standards for software testing and validation under ISO/IEC/IEEE 29119 SoftwareTesting-4 Testing Techniques. See Exhibit One, paragraph 4. The government's Response offers no information whatever to refute this fact. In fact, as can be seen in the HRW article [Doc. 54-6, footnote 14], the National Institute of Standards and Technology's (NIST) Computer Forensics Tool Testing Program (CFTT), states:

> There is a critical need in the law enforcement community to ensure the reliability of computer forensic tools. The goal of the Computer Forensic Tool Testing (CFTT) project at the National Institute of Standards and Technology (NIST) is to establish a methodology for testing computer forensic software tools by development of general

tool specifications, test procedures, test criteria, test sets, and test hardware. The results provide the information necessary for toolmakers to improve tools, for users to make informed choices about acquiring and using computer forensics tools, and for interested parties to understand the tools capabilities. *A capability is required to ensure that forensic software tools consistently produce accurate and objective test results.* Our approach for testing computer forensic tools is based on well-recognized international methodologies for conformance testing and quality testing.

Emphasis added.  Furthermore, the Affidavit [Exhibit One] sets forth the precise reason each of the tests is necessary to achieve the goals of this Court's Order.  The Justice Department's own policy guidelines state that software tools "used to support evidence discovery, extraction and examination, case examination and evaluation and method development shall be technically reviewed by qualified experts and validated prior to use."  U.S. Department of Justice, "Scientific Research and Integrity Policy," undated, https://www.justice.gov/olp/forensic-science, p. 6.

      The Loehrs Affidavit, Exhibit One, also explains why the government's proposed three tests are insufficient to satisfy the Court's Order and do not comprise sufficient testing to determine whether Torrential Downpour correctly identified Mr. Gonzales' computer.  The government's argument to the contrary is without merit.

      The Response further evidences the government's lack of understanding regarding the protocol.  For example, the government confuses unallocated space with unshared space.  The only shared space on Gonzales' computer is the downloads folder.  Unallocated, or deleted, space is only one part of unshared space.

Finally, the government offers yet another resistance to the Order, now claiming that it requires a "massive expenditure of resources." This, too, is without merit and should not be entertained.

This matter is really quite simple. The files the government is charging Mr. Gonzales with distributing are files that Torrential Downpour identified as illegal files being possessed at Mr. Gonzales' IP address. None of those files were found on any of the computers seized from Mr. Gonzales. All the tests specifically set forth in the Testing Protocol are necessary and critical in determining whether there is any foundation for those charges and whether the software correctly identified Mr. Gonzales.

While the defense indicated it welcomed an evidentiary hearing, the government's Response clearly demonstrates that no hearing is warranted. The Response raises nothing new and is just the latest attempt to avoid proper testing. Defendant requests that the Court simply issue its Order directing the testing be completed as previously ordered and utilizing the Testing Protocol.

Respectfully submitted this 24th day of April, 2019.

    _s/ Barbara L. Hull_____
    Barbara L. Hull
    Attorney for Mr. Espinosa Gonzales

# CERTIFICATION

I hereby certify that on this date I electronically filed the attached document under seal with the Clerk's Office using the ECF System for filing.

Courtesy copy with accompanying draft form of Order provided this date to The Honorable David G. Campbell at Campbell_chambers@azd.uscourts.gov.

Copy also provided to Anthony Espinosa Gonzales.

Copy also provided to AUSA Gayle Helart at Gayle.Helart@usdoj.gov.

_s/ Barbara L. Hull_____
Barbara L. Hull