Barbara L. Hull, #011890
Attorney at Law
2601 North 16th Street
Phoenix, Arizona 85006
(602)412-5800
BarbaraHullLaw@gmail.com
Attorney for Anthony Espinosa Gonzales

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | Case No. 2:17-cr-01311-PHX-DGC |
| Plaintiff, | DEFENDANT'S SUPPLEMENTAL BRIEFING REGARDING MOTION TO COMPEL |
| vs. | |
| Anthony Espinosa Gonzales, | |
| Defendant. | |

Defendant Anthony Espinoza Gonzales, by and through counsel, hereby submits this supplemental briefing as ordered by this Court [Doc. 59] on May 10, 2019 in order to respond to those seven questions posed by the Court and directed to Defendant. For that purpose, Defendant's expert, Tami Loehrs of Loehrs Forensics prepared an additional Affidavit attached hereto and incorporated herein, referred to here as the "Loehrs Affidavit."

1. **Given the Court's finding that Torrential Downpour is not material to any Fourth Amendment challenge (Doc. 51 at 10), why are tests three and four – deleted torrent data and unshared torrent data – appropriate?**

Please see Loehrs Affidavit, paragraphs 3 through 7.

The government has clearly chosen to pass on opportunities to dismiss charges for images not located on Mr. Gonzales' computer. Logic alone should

suggest that this position is suspect. And the government is proceeding on the first eight Counts based entirely on the findings of Torrential Downpour.

On the one hand, the government has failed to provide the evidence scientifically establishing where on the computer Torrential Downpour located those images purportedly supporting Counts One through Eight, even in the face of neither prosecution nor defense experts being able to locate any of the images. The defense is entitled, therefore, to determine where Torrential Downpour identifies files, particularly if the scenario in paragraph 5 of the Loehrs Affidavit is the case.

Further, the government's continued objection to this testing lends credence, therefore, to the suspicion that Torrential Downpour does and did, in fact, locate images that were not downloaded, were deleted and/or not shared, again as suggested in the scenarios proposed in the Loehrs Affidavit. The testing proposed will assist the defense in determining whether this software operates properly and accurately, and whether its results are reliable at all.

It is not proper to force Mr. Gonzales or the jury to take the government's word that the images, when identified by Torrential Downpour, were identified in shared space. This is what the government is asking the defense to accept as true. It also allows the government to argue that the images were in shared space *when* so identified. The defense refuses to make this assumption or accept this argument without scientific proof. The proposed testing is essential to this determination and to the defenses its results provide.

2. **Why is access to COPS necessary to conduct tests one through six?**

Please see Loehrs Affidavit, paragraph 8.

ICACOPS basically instructs the subject software, Torrential Downpour, what to look for. Additionally, once the software completes its instructed search, that data retrieved returns to ICACOPS. In order to adequately defend this case, the defense must determine what was found.

If the data in the COPS database is inaccurate and/or unreliable, Mr. Gonzales may present the defense that Mr. Gonzales was falsely identified based on legal activity and/or inadvertently obtaining contraband, which he in turn, upon discovering the nature of the evidence, immediately deletes it and/or cancels the download activity.

3. **How are tests five and six – non-investigative torrents and files of interest – material to the preparation of a defense?**

Please see Loehrs Affidavit, paragraphs 9 and 10.

We already know that not all files of investigative interest are contraband. If the investigation was conducted on perfectly legal activity, this test should determine that. This information is material to the defense of the underlying offenses and, in the worst case scenario, material for purposes of sentencing to insure that non-contraband files are not used to enhance a sentence.

4. **Assuming tests five and six are not allowed, does the COPS database still need to be cloned and moved to a separate server?**

Please see Loehrs Affidavit, paragraphs 8 and 11 and the arguments posited above.

5. **To the extent a separate test database is necessary, does the entire COPS database need to be cloned or would a smaller or simulated database suffice?**

Please see Loehrs Affidavit, paragraphs 12 and 13.

6. **Will the government's proposal to have an FBI agent load lawful torrent files into Torrential Downpour (*see* Doc. 54-5 at 4) work for testing purposes?**

Please see Loehrs Affidavit, paragraph 14.

7. **Would Defendant object to a protective order governing Loehrs's access to COPS similar to the one issued with respect to Torrential Downpour?**

Defendant has no objection to such a protective order.

Respectfully submitted this 24th day of June, 2019.

                                   _s/ Barbara L. Hull_____
                                   Barbara L. Hull
                                   Attorney for Mr. Gonzales

## CERTIFICATION

I hereby certify that on this date I electronically filed the attached document with the Clerk's Office using the ECF System for filing and distribution to ECF participants.

Courtesy copy provided this date to The Honorable David G. Campbell at Campbell_chambers@azd.uscourts.gov.

Copy also provided to Mr. Gonzales, Defendant.

Copy also provided to AUSA Gayle Helart.

_s/ Barbara L. Hull_____
Barbara L. Hull