Barbara L. Hull, #011890
Attorney at Law
2601 North 16th Street
Phoenix, Arizona 85006
(602)412-5800
BarbaraHullLaw@gmail.com
Attorney for Anthony Espinosa Gonzales

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Anthony Espinosa Gonzales,<br><br>　　　　　Defendant. | Case No. 2:17-cr-01311-PHX-DGC<br><br>DEFENDANT'S NOTICE OF ERRATA/ SUPPLEMENT |

　　　　Defendant Anthony Espinoza Gonzales, by and through counsel, hereby submits this Notice of Errata/Supplement to address and correct the record as to the defense position regarding certain issues addressed thus far.

　　　　The following exchange took place at the January 31, 2019 hearing:

　　　　The Court:  There's nothing that says to accomplish what Torrential Downpour claims to have accomplished in this case you had to look in private space. *That's what I'm wrestling with.* I don't see any facts in this case that suggest the Fourth Amendment problem.  I know Ms. Loehrs said she's seen it in other cases, but she's not asserting in this case that there is some *hard evidence* that the government software looked in a non-public space.
　　　　MS. HULL: Can I have a moment?
　　　　THE COURT: Yep.
　　　　MS. HULL: Okay. That's true.

[RT January 31, 2019 at p. 162, lls. 7-18, emphasis added.]

The defense has frankly been grappling with the same issue.  While it is true that the defense expert does not yet have "hard evidence" that Torrential Downpour looked in a non-public space in this case, the defense position is that the government has provided sufficient evidence to establish that there is a strong likelihood that that is the case.

The assertions established to date include:

1. Torrential Downpour located in shared space on the suspect computer torrents it alleged were at least associated with contraband.  The government alleges that this locating by the software amounts to sharing with the government software.[1]

2. During later testing, the government's expert could not locate the items of contraband in Counts One through Eight on the suspect computer -- not in shared space and not in allocated space.

3. The defense expert made the same findings.

4. It is unknown from where the images the government intends to show the jury for Counts One through Eight were obtained.  The evidence demonstrates that the images may have been from the shared space on the suspect computer, from the non-shared space on the suspect computer, from another IP address, or simply pulled from the government database.

5. The government cannot prove these images were connected to the subject torrent even if the torrent *had* been found in the suspect computer's shared space.

6. The government has not provided evidence of the current location on the suspect computer, if any, of those eight images.  It may be presumed that, if they were not located in either shared or allocated space by either expert, they are

---

[1] The defense is not conceding that the images constitute child pornography.  For purposes of argument only, that allegation is taken as true.

either in unallocated space or not now -- or perhaps never were -- on the suspect computer.

Items in unallocated space cannot be determined to be the same items as those the government intends to present to the jury. Additionally, it is impossible to determine when or how any item got into unallocated space.

The government intends to present to the jury the agent's testimony that, when using Torrential Downpour, he saw the proffered images on the suspect computer. Their agent will testify that, upon his later examination of the computer, those images were not located in either shared or allocated space. The government presumably will then argue that those images were on the computer at the time initially located by Torrential Downpour, but must have been deleted between that time and when the agent ran the later test. Therefore, *where* those items were located by Torrential Downpour is of paramount materiality to the defense. At the risk of repetition, if they are not now in shared or allocated space, they must be in unallocated space if they exist at all.

The reason the government does not want to attempt to determine the current location of the images is because (1) that search would prove the images are not in unallocated space[2] and/or (2) even if found in unallocated space, it is impossible to determine when the images got there, thus destroying their claim that the images were deleted some time between the software use and the later forensic exams.

Without determining whether Torrential Downpour has the capability to locate items in deleted space, the defense is without a defense to the government's theory of the case listed above. It is therefore absolutely material to the defense that the subject testing protocol be conducted in its entirety.

---

[2] Everything deleted from allocated space remains in unallocated space.

The defense has no objection to an extension of time and/or a continuance of the hearing should the Court deem the matters set forth herein warrant same.

Respectfully submitted this 28th day of June, 2019.

　　　　　　　　　　　　　　　　_s/ Barbara L. Hull_____
　　　　　　　　　　　　　　　　Barbara L. Hull
　　　　　　　　　　　　　　　　Attorney for Mr. Gonzales

## CERTIFICATION

I hereby certify that on this date I electronically filed the attached document with the Clerk's Office using the ECF System for filing and distribution to ECF participants.

Courtesy copy provided this date to The Honorable David G. Campbell at Campbell_chambers@azd.uscourts.gov.

Copy also provided to Mr. Gonzales, Defendant.

Copy also provided to AUSA Gayle Helart.

_s/ Barbara L. Hull_____
Barbara L. Hull