United States of America v. Anthony Espinosa Gonzales

2:17-cr-01311-DGC

Exhibit 4



UNIVERSITY OF MASSACHUSETTS
AMHERST

309 Whitmore Administration Building
Amherst, MA 01003-9313

Office of the General Counsel

voice: 413.545.2204
fax:   413.545.3138
www.massachusetts.edu/
office_of_the_general_counsel

November 20, 2017

Office of the Clerk
Superior Court of Arizona
Maricopa County
201 W. Jefferson Street
Phoenix, AZ  85003

RE:   State of Arizona v. Thomas William Tolworthy
      CR2015-119746-001

Dear Madam/Sir:

Enclosed for filing please find the Motion of the University Of Massachusetts To Reconsider the Court's Order of 19 September 2017.

Thank you for your attention to this matter.

Very truly yours,

Brian W. Burke
Senior Counsel

Enclosure
cc: Jessica Spargo

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
MARICOPA COUNTY

| | |
|---|---|
| State of Arizona, | No. CR2015-119746-001 |
| Plaintiff | |
| v. | |
| Thomas W. Tolworthy (001), | |
| Defendant | |

## MOTION OF UNIVERSITY OF MASSACHUSETTS TO RECONSIDER ORDER OF 19 SEPTEMBER 2017

Now comes the University of Massachusetts ("the University"), and hereby respectfully moves the court to reconsider its order of September 19, 2017 for the reasons outlined below.

On September 19, 2017, the Hon. Mark H. Brain ordered the University of Massachusetts Amherst produce the computer software Torrential Downpour to Maricopa County Public Defender Jessica Spargo. The University respectfully requests that the court reconsider its order for the reasons outlined below. As grounds for this Motion, the University states the following.

1.  The order does not comply with the Uniform Act To Secure the Attendance of Witnesses From Without a State in Criminal Proceedings, codified in Sections 13A to 13D of chapter 233 of the Massachusetts General Laws, and its cognate Arizona statute at A.R.S. §§ 13-4091 to 13-4096. The Uniform Act requires that (1) a judge of the requesting state must certify that a

criminal proceeding or a Grand Jury investigation is pending in that state, (2) the requesting state judge must also certify that a Massachusetts resident is a material and necessary witness; (3) after receiving the out-of-state certificate, a Massachusetts Superior Court judge sitting in the county, or the justice or a special justice of the district court in the judicial district, in which such person is located, must hold a hearing to determine whether compelling the witness' attendance will cause him or her undue hardship and to determine whether the Massachusetts witness is material and necessary to the out-of-state proceeding; and (4) if the Massachusetts judge or justice so determines he shall issue a summons, including either a subpoena or order requiring the appearance of a witness in the requesting state. Massachusetts case law has analogized the power to compel the production of documents to the power to compel the testimony of a witness, and would likely regard the Order in this case to fall within the Uniform Act. See In re Grand Jury of State of N.Y., 8 Mass. App. Ct. 760, 762 (1979). It is the University's position that the intent and effect of the Uniform Act is to allow the University a hearing before a Massachusetts judge before it is required to produce valuable intellectual property held by the institution or its faculty.

2.   Providing the intellectual property to the defendant in this case will destroy its value to the University and its faculty researcher. The University has received funding from the U.S. Department of Justice since 2008 for the development of software tools to permit detection of peer-to-peer sharing of child pornography. Most recently, the University's faculty researcher has conducted this work on a $440,000 annual grant from the Federal Bureau of Investigation. Revealing the software code could diminish its value as a law enforcement tool and potentially end funding for a valuable line of research for the University and its faculty. Under federal

2

regulations copyright to the software is held by the University or faculty member, subject to a nonexclusive license to the DOJ. See 2 CFR 200.315 and sections cited therein. Thus far, the University has never given out the source code to the Software, except to the project manager at the FBI for validation purposes.

3.  Finally, related to the above, the University points out that the Software serves an important law enforcement purpose. Currently, the software is in use by the FBI and in every state in the US, including all 61 instances of the Internet Crimes Against Children Task Force. Releasing it to public view would frustrate public policy and impede law enforcement's ability to deter peer-to-peer sharing of child pornography. The University believes that before it is required to release the software beyond its distribution to date to law enforcement, the FBI, as funding agency, should be given an opportunity to weigh in on the matter.

## CONCLUSION

WHEREFORE, for the above-stated reasons, the University of Massachusetts respectfully requests that this court reconsider its order compelling the University to produce the software to the defendant in this case.

Respectfully submitted,
UNIVERSITY OF MASSACHUSETTS,
By its attorney,

Brian W. Burke
Senior Counsel – Amherst
BBO#633048
309 Whitmore Administration Building
University of Massachusetts
181 Presidents Drive
Amherst, MA 01003
Tel: 413/545-2204
bwburke@umass.edu

Dated: November 20, 2017

3

## CERTIFICATE OF SERVICE

I, Brian W. Burke, counsel for the University of Massachusetts, hereby certify that on November 20, 2017, a true copy of the above Motion for Reconsideration was served by U.S. Mail upon JESSICA SPARGO, MARICOPA COUNTY PUBLIC DEFENDER, 620 W. JACKSON STREET, SUITE 4015, PHOENIX, AZ 85003.

_____
Brian W. Burke

4