Barbara L. Hull, #011890
Attorney at Law
2601 North 16th Street
Phoenix, Arizona 85006
(602)412-5800
BarbaraHullLaw@gmail.com
Attorney for Anthony Espinosa Gonzales

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | ) Case No. 2:17-cr-01311-PHX-DGC |
| Plaintiff, | ) |
| | ) DEFENDANT'S MOTION TO RE- |
| | ) OPEN/SUPPLEMENT |
| vs. | ) |
| | ) |
| Anthony Espinosa Gonzales, | ) |
| Defendant. | ) |
| | ) |

Defendant Anthony Espinoza Gonzales, by and through counsel, hereby moves that this Court re-open the matters currently under advisement and/or permit Defendant to submit a supplement to his briefing. Defendant's reasons follow.

Undersigned makes no pretense about her lack of technological knowledge. Undersigned apologizes for this shortcoming, which includes an ignorance of how torrents and file sharing operate.

Up to and including the August 16, 2019 hearing, undersigned understood that the investigative tools used in this case, Torrential Downpour Receptor[1],

---

[1] The existence of this software has been disclosed by Mr. Erdely and his colleagues only recently.

ICAC COPS[2], and Torrential Downpour, conduct what the government has characterized as a "handshake," and that that handshake is brief and singular. The limited number of log files disclosed in this case would lead one to believe that. Only after the hearing did undersigned become aware that this is not the case.

This is relevant for reasons that include that undersigned would have responded differently to the Court's hypotheticals, would have responded differently to the Court's questions regarding why it matters that Torrential Downpour Receptor identifies a IP address as suspect when that suspect is doing nothing illegal, would have responded differently to the Court's questions why it matters that Torrential Downpour downloads legal files from the suspect computer, and would have responded differently to the Court's questions regarding the materiality of the proposed tests.

For example, the Court proposed a hypothetical along the lines of an officer, suspecting that child porn is being shared from a home, knocks on the door and someone answers offering child pornography.  With this new understanding, undersigned respectfully submits that that hypothetical is flawed for the reasons that follow.

The government has conceded that the investigative tools they use operate 24/7 on the internet searching for suspicious activity, and what the government calls a "handshake" refers to only, it seems, the initial connection.  What undersigned did not understand at the hearing is that either Torrential Downpour Receptor and/or Torrential Downpour[3] do not conduct just one "handshake," and

---

[2] This database is the brains of the operation, operating many other types of investigative software used by the government operating with the same investigative goal.

[3] Because testing has not been conducted on either, the defense does not know if either or both are the tools that operate 24/7 searching for what the government has now conceded is legal behavior.

that "handshake" can turn into an ongoing connection that can last for extended periods of time.

Using the Court's hypothetical reference Torrential Downpour only, the defense would instead submit that that agent knocks on the door, doesn't find a certain lawful torrent, leaves and returns multiple times, sometimes looking for different lawful torrents, remains inside the doorway for long periods of time, and keeps returning to that home or staying inside the doorway until a perfectly legal, though perhaps "of investigative interest," torrent appears that may or may not have or lead to files of interest or contraband.

The log files disclosed thus far in this case demonstrate that Torrential Downpour connected to the subject IP address[4] on December 13, 2016, December 23, 2016, December 24, 2016, January 5, 2017, January 9, 2017, January 21, 2017, and February 6, 2017.   The defense believes that many more log files exist regarding the government's attempts to connect with, and connections with, the suspect IP address, and that those log files are material to the defense.[5]

The importance of this characteristic and the reason the defense believes additional log file disclosures have been withheld is evidenced using an example provided in the case of *State v. Brett Donas*, Washington County, Pennsylvania Case No. CR-2634-2017.   Disclosed in that case were the following two log files for the date of January 6, 2017 wherein Torrential Downpour not only sat on the suspect computer for an extended period of time, for longer than a "handshake," but kept going back searching for different torrents, eventually noting that the suspect computer had no piece of either torrent:

---

[4] Defendant asks that this Court bear in mind that IP addresses change all the time.
[5] Defendant is submitting a discovery request to the government for these logs.

2017-01-06   16:28:35   -   Torrential   Downpour   version   1.33
2017-01-06 16:28:35 - Started download thread at local time Friday, January    6,    2017    4:28:34    PM    (GMT-05:00)
2017-01-06 16:28:35 - Started download thread at UTC Friday, January         6,         2017         9:28:34         PM
2017-01-06   16:28:35   -   Remote   client   located   at   IP   address 73.236.187.176,                  port                  6881
2017-01-06        16:28:35        -        Torrent        info        hash: 615cb9244e666d31cd7a552365e025b057294265
2017-01-06        16:28:35        -        Torrent        defines        3        files
2017-01-06        16:28:35        -        Total        file        bytes:        89073356
2017-01-06        16:28:35        -        Torrent        has        1360        pieces
2017-01-06        16:28:35        -        Piece        size:        65536        bytes
2017-01-06   16:28:35   -   Attempting   to   connect   to   remote   client
2017-01-06                  16:28:36                  -                  Connected
2017-01-06   16:28:36   -   Attempting   to   negotiate   message   stream encryption                with                remote                client
2017-01-06 16:28:37 - Remote client rejected encryption or closed the connection
2017-01-06   16:28:37   -   Attempting   to   connect   to   remote   client
2017-01-06                  16:28:37                  -                  Connected
2017-01-06   16:28:37   -   Sent   unencrypted   handshake   to   client
2017-01-06   16:28:37   -   Remote   client   closed   the   connection
2017-01-06    16:28:37    -    Going    to    sleep    for    03m:29s
2017-01-06   16:32:06   -   Attempting   to   connect   to   remote   client
2017-01-06                  16:32:07                  -                  Connected
2017-01-06   16:32:07   -   Sent   unencrypted   handshake   to   client
2017-01-06   16:32:07   -   Remote   client   closed   the   connection
2017-01-06    16:32:07    -    Going    to    sleep    for    03m:42s
2017-01-06   16:35:49   -   Attempting   to   connect   to   remote   client
2017-01-06                  16:35:49                  -                  Connected
2017-01-06   16:35:49   -   Sent   unencrypted   handshake   to   client
2017-01-06   16:35:49   -   Remote   client   closed   the   connection
2017-01-06    16:35:49    -    Going    to    sleep    for    03m:56s
2017-01-06   16:39:45   -   Attempting   to   connect   to   remote   client
2017-01-06                  16:39:45                  -                  Connected
2017-01-06   16:39:45   -   Sent   unencrypted   handshake   to   client
2017-01-06   16:39:45   -   Remote   client   closed   the   connection
2017-01-06   16:39:45   -   Remote   client   closed   the   connection   4 successive        times        without        completing        the        handshake

2017-01-06 16:39:45 - The remote client may not have the torrent
2017-01-06 16:39:45 - No pieces acknowledged by the remote client
2017-01-06 16:58:40 - Torrential Downpour version 1.33
2017-01-06 16:58:40 - Started download thread at local time Friday, January 6, 2017 4:58:39 PM (GMT-05:00)
2017-01-06 16:58:40 - Started download thread at UTC Friday, January 6, 2017 9:58:39 PM
2017-01-06 16:58:40 - Remote client located at IP address 73.236.187.176, port 6881
2017-01-06 16:58:40 - Torrent info hash: 644e8e80508c373b79d0a5d3e9ed7d8c1a8d62da
2017-01-06 16:58:40 - Torrent defines 3 files
2017-01-06 16:58:40 - Total file bytes: 77303116
2017-01-06 16:58:40 - Torrent has 1180 pieces
2017-01-06 16:58:40 - Piece size: 65536 bytes
2017-01-06 16:58:40 - Attempting to connect to remote client
2017-01-06 16:58:40 - Connected
2017-01-06 16:58:40 - Attempting to negotiate message stream encryption with remote client
2017-01-06 16:58:41 - Remote client rejected encryption or closed the connection
2017-01-06 16:58:41 - Attempting to connect to remote client
2017-01-06 16:58:41 - Connected
2017-01-06 16:58:41 - Sent unencrypted handshake to client
2017-01-06 16:58:42 - Remote client closed the connection
2017-01-06 16:58:42 - Going to sleep for 03m:19s
2017-01-06 17:02:01 - Attempting to connect to remote client
2017-01-06 17:02:01 - Connected
2017-01-06 17:02:01 - Sent unencrypted handshake to client
2017-01-06 17:02:01 - Remote client closed the connection
2017-01-06 17:02:01 - Going to sleep for 03m:49s
2017-01-06 17:05:50 - Attempting to connect to remote client
2017-01-06 17:05:50 - Connected
2017-01-06 17:05:50 - Sent unencrypted handshake to client
2017-01-06 17:05:50 - Remote client closed the connection
2017-01-06 17:05:50 - Going to sleep for 03m:50s
2017-01-06 17:09:40 - Attempting to connect to remote client
2017-01-06 17:09:40 - Connected
2017-01-06 17:09:40 - Sent unencrypted handshake to client
2017-01-06 17:09:40 - Remote client closed the connection

2017-01-06  17:09:40 - Remote client closed the connection 4 successive times without completing the handshake
2017-01-06 17:09:40 - *The remote client may not have the torrent*
2017-01-06 17:09:40 - *No pieces acknowledged by the remote client*

(Emphasis added.)  In the Donas case, the government continued to try to connect with the suspect computer, continuing to search, connect and wait for a torrent of interest to appear, as clearly none appeared January 6, 2017.

This is relevant to Mr. Gonzales' case for many reasons.  Examples follow.

1.  These logs files provide information that supports the defense suspicion that additional and relevant log files have not been disclosed in this case.  These other log files are material to the defense, in part as they evidence the volume and duration of attempts to connect and connection with the IP address, and the related findings, if any.

2.  These log files demonstrate that, once the "handshake" is made, the connection that follows can last for 40 minutes or longer with Torrential Downpour basically sitting on the suspect IP address, with a connection being repeatedly attempted by the software, and attempted more than once, searching for more than one piece of bait, namely a "torrent of interest," even after, as demonstrated above, the suspect computer has "no pieces" of the "torrent of interest."

3.  From the testimony provided August 16, 2019, it is ICAC COPS that provides the instructions for Torrential Downpour.  It appears from the evidence above that ICAC COPS instructs Torrential Downpour[6] to not only sit on the suspect computer for lengthy periods of time, but to repeatedly return, searching

---

[6] Testimony August 16, 2019 from the government witness indicated at first three, then four items are targeted by ICAC COPS instructions, purportedly *per* "handshake."

for an ever-changing list of "torrents of interest."  Testing that includes ICAC COPS and its instructions to Torrential Downpour is, therefore, material to the defense, including its automation with both Torrential Downpour Receptor and Torrential Downpour.

4.  Because Torrential Downpour Receptor has only recently been revealed by the government's experts as working in conjunction with ICAC COPS and Torrential Downpour and has also not been tested for accuracy, the defense is unaware whether Torrential Downpour Receptor works in the same or similar way as Torrential Downpour, namely sitting on a suspect computer for lengthy periods of time, repeatedly attempting connections, etc.  Because the government has not disclosed any logs or other similar reports generated by Torrential Downpour Receptor, the defense cannot answer these questions without proper testing.  Mr. Gonzales submits that those logs are likewise material to the defense.

The defense has also learned that either or both Torrential Downpour Receptor and Torrential Downpour create a unique ID for each "handshake," thereby leaving an indelible mark on the suspect computer.  The purpose is twofold:  to evidence the connection made and, once a forensic exam is conducted and because IP addresses constantly change, to establish that the connection made was with the particular suspect computer.

Wherefore, Mr. Gonzales asks that this Court re-open the issues currently under advisement in order to more fully address the additional information and concerns listed above.

With this additional information, Mr. Gonzales again submits that all nine tests in the proposed testing Protocol are material to Mr. Gonzales' defense of the charges against him.

Respectfully submitted this 19th  day of August, 2019.

_s/ Barbara L. Hull_____
Barbara L. Hull
Attorney for Mr. Gonzales

CERTIFICATION

I hereby certify that on this date I electronically filed the attached document with the Clerk's Office using the ECF System for filing and distribution to ECF participants.

Courtesy copy provided this date to The Honorable David G. Campbell at Campbell_chambers@azd.uscourts.gov.

Copy also provided to Mr. Gonzales, Defendant.

Copy also provided to AUSA Gayle Helart.


_s/ Barbara L. Hull_____
Barbara L. Hull