**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Anthony Espinoza Gonzales,<br><br>Defendant. | No. CR-17-1311-PHX-DGC<br><br>**ORDER** |

Defendant Anthony Espinoza Gonzales is charged with distributing and possessing child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(a)(4)(B). Doc. 1. The Court held a final pretrial conference on March 11, 2021. A minute entry reflects most of the Court's rulings during the conference. *See* Doc. 142. This order will address Defendant's motion in limine to preclude the government from showing video and still images of child pornography to the jury during trial. Docs. 137, 139, 141. The Court heard arguments on this motion and, in order to fulfill its responsibilities under Federal Rule of Evidence 403, reviewed the video segments and still images the government proposes to show the jury.

For Defendant to be found guilty of distributing child pornography, the government must prove: (1) Defendant knowingly distributed a visual depiction using any means or facility of interstate commerce; (2) the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct; (3) the visual depiction was of a

minor engaged in sexually explicit conduct; (4) Defendant knew the visual depiction was of sexually explicit conduct; and (5) Defendant knew that at least one of the persons engaged in the sexually explicit conduct was a minor.  *See* Ninth Circuit Model Criminal Jury Instruction 8.184.  For Defendant to be found guilty of possessing child pornography, the government must prove: (1) Defendant knowingly possessed matters that Defendant knew contained a visual depiction of a minor engaged in sexually explicit conduct; (2) Defendant knew the visual depiction was of a minor engaged in sexually explicit conduct; (3) Defendant knew that production of the visual depiction involved use of a minor in sexually explicit conduct; and (4) the visual depiction had been transported in interstate commerce.  *See* Ninth Circuit Model Criminal Jury Instructions 8.185.  Thus, for both offenses, the government must prove scienter – that Defendant knew the visual depictions included a minor engaged in sexually explicit conduct.

The FBI claims to have downloaded videos and still images of child pornography from Defendant's computer, over the Internet, using uTorrent software.[1]  The FBI's downloads constitute the distribution charged in Counts 1-8 of the indictment.  When the FBI later seized Defendant's computer with a search warrant and examined it, the computer did not contain the videos and still images charged in Counts 1-8.  But the government asserts that other forensic data on the computer show that the videos and still images were once there.  The government's post-seizure search of the computer did find another 5,062 images and 177 videos of child pornography, some of which are included in the possession charge in Count 9.

Defendant has offered to make three stipulations: (1) that the videos and images charged in this case contain child pornography, (2) that a viewer would readily recognize this fact, and (3) that the videos and images travelled in interstate commerce.  Doc. 141 at 5.  In light of these proposed stipulations, Defendant invokes Rule 403 and argues that the

---

[1] The computer at issue is a Microsoft Surface Tablet found under the mattress in Defendant's bedroom during a subsequent search of his residence.

charged video segments and images should not be shown to the jury because their probative value would be substantially outweighed by the danger of unfair prejudice.

The Court initially notes that the government is not required to accept Defendant's stipulations in lieu of evidence it would use to prove its case. As a general matter, the government "is entitled to prove its case by evidence of its own choice[.]" *Old Chief v. United States*, 519 U.S. 172, 186 (1997). But when evidence may be unfairly prejudicial, a Defendant's proffered stipulation must be considered when conducting the balancing required by Rule 403. As noted in *United States v. Merino-Balderamma*, 146 F.3d 758 (9th Cir. 1998), "a defendant's offer to stipulate to an element of a crime is relevant evidence that must be factored into a district court's analysis under Rule 403." *Id.* at 762.

Defendant's proposed stipulation does not include the scienter required for him to be found guilty of distributing or possessing child pornography. He does not offer to stipulate that he *knew* the images at issue in this case include sexually explicit conduct by minors. Defendant may contend at trial that the alleged FBI downloads did not come from his computer – that they came from other sources on the Internet – or that he did not view the videos and images and therefore did not have the knowledge required for conviction.

Defendant relies particularly on *Merino-Balderamma*, in which the Ninth Circuit held that it was error to show child pornography films to a jury when there was no evidence the defendant had actually seen the films himself. 146 F.3d at 762-63. The films in that case were found in the trunk of the defendant's car, but the government could not prove the defendant had ever viewed them, although he did clearly see still images from the films that were printed on the front of their containers. The Ninth Circuit concluded that the unfair prejudice of showing ten minutes of the films to the jury substantially outweighed the probative value of the films in light of these other facts. *Id*.

At the final pretrial conference in this case, the government explained that it intends to present forensic evidence from Defendant's computer showing that he actually opened six of the 19 videos and one of the 17 still images charged in the indictment, even though the six videos and one still image were no longer stored on his computer when it was seized.

The government also stated that it lacks such forensic evidence for the other 13 charged videos and 16 still images. It claims, nonetheless, to have forensic evidence that these videos and images were once on Defendant's computer (and that all the videos and images charged in the possession count were still on the computer when it was seized), even though it cannot prove forensically that they were actually opened.

The government proposes to show the jury each of the 17 still images and short excerpts from each of the 19 videos charged in the indictment. Doc. 139 at 4-6. The Court will discuss this proposed evidence in three groups.

First, where the government has forensic evidence that Defendant opened specific videos or images, the evidence clearly is not covered by the holding in *Merino-Balderamma*. Several subsequent Ninth Circuit cases have held that the jury may be shown child pornography images the defendant viewed because they are highly relevant to the defendant's scienter. *See United States v. Ganoe*, 538 F.3d 1117 (9th Cir. 2008) (district court did not abuse its discretion by admitting limited portions of videos and images where evidence showed the defendant had viewed them; distinguishing *Merino-Balderamma*); *United States v. Endacott*, 479 Fed. Appx. 779 (9th Cir. 2012) (same); *United States v. Lester*, 164 F. App'x 647 (9th Cir. 2006) (same).

Second, with respect to the videos and images charged in Count 9 (the possession count), the government intends to show that each was found in the "deadpixel" folder on Defendant's computer – a folder that was intentionally created and which Defendant identified in his interview with the FBI as the place where he stored child pornography. The fact that Defendant stored these videos and images in that specific folder strongly suggests that he viewed the videos and images and knew they contained child pornography. This evidence, although circumstantial, is enough to take the Count 9 images outside the holding of *Merino-Balderamma*. The Ninth Circuit explained in that case that "the government offered no direct *or circumstantial* evidence that Merino-Balderamma had knowledge of the films' contents." 146 F.3d at 762-63 (emphasis added). The court further explained: "Without direct *or circumstantial* evidence of scienter, the films were less

- 4 -

probative of that element than were their covers, which Merino-Balderamma undisputedly did see." *Id.* at 763 (emphasis added). Indeed, the Ninth Circuit emphasized in a footnote that the government "could have proven scienter through circumstantial evidence." *Id.* at 763 n.5. Here, the government has strong circumstantial evidence that Defendant viewed the videos and images in Count 9.

   Third, the Court finds a closer question with respect to videos and images for which the government has no forensic evidence of viewing and which were not found in the deadpixel folder on Defendant's computer. The government argues that it has circumstantial evidence that Defendant viewed these videos and images as well – it can show Defendant engaged in a pattern of seeking out, downloading, and sharing child pornography using the uTorrent program; the u.Torrent command file for each of the videos and images was found on Defendant's computer (even though the actual videos and images were not); and an FBI agent downloaded the videos and images from Defendant's computer over the Internet. The government argues that a reasonable jury could find from this evidence that Defendant viewed the videos and images and knew they contained child pornography. Although the Court has found no case addressing this specific kind of evidence, the Court concludes from language of *Merino-Balderamma* that this evidence is sufficient to take the videos and images in this third group outside the holding of that case. After clearly stating that the government can prove scienter by circumstantial evidence, *Merino-Balderamma* gave a specific example: "it is well-established that a prosecutor can show scienter by proving that the defendant actually sought out or solicited the films, sight-unseen, on the basis of some clear description or advertisement of what they depicted." *Id.* Here, the government intends to show that Defendant sought out and solicited child pornography on the Internet using the uTorrent network. The government will also present Defendant's statements during his FBI interview that he searched for the child pornography on the Internet and the dark web using search terms common to child pornography. This evidence could be sufficient for a reasonable jury to find that Defendant knew the contents

- 5 -

of the videos and images the FBI downloaded from his computer, even if there is no forensic evidence of his actually having opened them.

In short, the Court concludes that *Merino-Balderamma* does not control this case. But that does not end the inquiry. The Court still must determine whether the probative value of the video segments and still images the government intends to show the jury is substantially outweighed by the danger of unfair prejudice.

Having viewed the evidence, the Court concludes only a few of the video segments and still images should be shown to the jury. Some of the videos, particularly those charged in Count 1, show horrific scenes of child torture. Others show deeply disturbing child abuse by adults. Presenting all of the video segments and images proposed by the government would, in the Court's view, result in unfair prejudice to Defendant that clearly and substantially would outweigh the probative value of the materials. It would also unnecessarily traumatize the jury.

The Court will select video segments and images sufficient to demonstrate to the jury that the material allegedly viewed and distributed by Defendant involve actual minors engaged in sexually explicit conduct. The Court will avoid the unnecessary repetition of such images as well as those that include stomach-turning images of child suffering. And as long as the Court is limiting the videos and images as required under Rule 403, the Court will also avoid any potential issue under *Merino-Balderamma* by selecting videos and images other than those addressed in the third group above. The Court will limit the video segments and images to those where the government can present forensic evidence of viewing or those charged in Count 9.

The government may display the following evidence to the jury:

- Count 2 – five second segment of the 2 Little Girls . . . mp4 video.
- Count 3 – still image identified as 360298.jpg.
- Count 5 – five second segment of the TrueAnal.mp4 video.
- Count 6 – five second segment of the mov_0211.mp4 video, but with the last two seconds deleted.

- Count 9 – still images 0787.jpg and 0832.jpg.

These three video segments and three still images will fairly represent the nature of the child pornography charged in this case, and will allow the government to present evidence of scienter without unduly inflaming the jury.  The Court will also permit the government to elicit testimony from agents that the other charged videos and images are similar in content to those displayed to the jury.  Alternatively, the parties can work out a stipulation on this issue.

Defendant has stated that he will stipulate – with respect to each charged video and image that is not shown to the jury – (1) that the video or image contains child pornography, (2) that a viewer would readily recognize this fact, and (3) that the video or image travelled in interstate commerce.  Doc. 141 at 5.  The parties should work out the language of this stipulation before trial.

Finally, as already planned, the Court will screen jurors carefully for sensitivity to child pornography as reflected in the juror questionnaires, will give the parties' proposed limiting instructions, and will permit video segments and images to be shown only once during trial.  These steps will further protect against unfair prejudice.[2]

**IT IS ORDERED** that Defendant's motions in limine (Doc. 137) is **granted in part and denied in part** as set forth above.

Dated this 12th day of March, 2021.

*David G. Campbell*
_____
David G. Campbell
Senior United States District Judge

---

[2] Defendant's motion asks the Court to preclude the jury from seeing the titles of videos and images charged in this case, or of other videos and images found on his computer.  The Court denied this request at the final pretrial conference, concluding that the titles were relevant to the issue of scienter and that the Court could not find at this stage that the titles' danger of unfair prejudice substantially outweighs their probative value.