**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>             Plaintiff,<br><br>v.<br><br>Anthony Espinosa Gonzales,<br><br>             Defendant. | No. CR-17-1311-PHX-DGC<br><br>**ORDER** |

Defendant Anthony Espinosa Gonzales has filed a motion to clarify or stay the monetary penalties portion of his criminal judgment. Doc. 204. The motion is fully briefed (Docs. 205, 209, 210), and oral argument has not been requested. For reasons stated below, the Court will deny the motion.

**I.  Background.**

Defendant was convicted of possessing and distributing child pornography. Doc. 160. The Court sentenced him to 11-years in prison and lifetime supervised release. Doc. 178 at 1. The Court also imposed criminal monetary penalties in the amount of $3,900 – $900 as a special assessment and $3,000 in restitution. *Id.* The fine was waived due to Defendant's inability to pay. *Id.*

The monetary penalties portion of the judgment provides:

> The defendant shall pay a total of $3,900.00 in criminal monetary penalties, due immediately. Having assessed the defendant's ability to pay, payments

> of the total criminal monetary penalties are due as follows: Balance is due in equal monthly installments of $50.00 over a period of 78 months to commence 60 days after the release from imprisonment to a term of supervised release.

*Id.* The judgment further provides that "[p]ayment of criminal monetary penalties are due during imprisonment at a rate of not less than $25 per quarter and payment shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program" ("IFRP"). *Id.* Defendant has appealed the judgment and sentence. Doc. 180.

Defendant is housed at the FCI Terminal Island facility in San Pedro, California. *See* Doc. 204 at 2; Federal BOP, *Find an Inmate*, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited July 29, 2022). Defendant's case manager at the facility directed him to pay $100 per quarter toward his monetary penalties, or face being placed in IFRP "refuse" status. *See* Docs. 204 at 4, 205-1 at 2.

Defendant requests an order clarifying that his monetary penalties are not due until his release from prison. *Id.* Defendant asserts that because the 78 post-incarceration payments of $50.00 will cover the full $3,900 in monetary penalties, compelling him to contribute toward these penalties while incarcerated conflicts with the judgment. *Id.* The Court does not agree.

The judgment makes clear that both the special assessment and restitution are "due immediately." Doc. 178 at 1. Because he had limited ability to pay, however, Defendant was not required to pay the monetary penalties in full and instead is permitted to pay any balance due in monthly installments after his release. *Id.* Nothing in the judgment allows Defendant to begin making payments only after his release. To the contrary, the judgment requires Defendant to make payments "during imprisonment at a rate of not less than $25 per quarter[.]" *Id.* at 5.

Defendant's citation to *United States v. Gunning*, 339 F.3d 948 (9th Cir. 2003) ("*Gunning I*"), is misplaced. *See id.* The Ninth Circuit held in *Gunning I* that a district court cannot delegate its duty under the Mandatory Victims Restitution Act ("MVRA"),

- 2 -

18 U.S.C. § 3664(f), to set the terms of restitution payments. 339 F.3d at 949. The Court did not do so here. It required "payment[s] . . . of not less than $25 per quarter" while Defendant is incarcerated, with the "[b]alance . . . due in equal monthly installments of $50.00" after Defendant's release. Doc. 178 at 1-2; *see United States v. Lemoine*, 546 F.3d 1042, 1044 (9th Cir. 2008) (affirming the denial of a motion to modify judgment where the district court "did not delegate scheduling to the BOP" and instead "set the payment schedule as quarterly in its restitution order"); *Klyana v. Apker*, No. 1:15-cv-01115-LJO-JLT, 2015 WL 8714654, at *7 (E.D. Cal. Dec. 15, 2015), *aff'd*, 682 F. App'x 548 (9th Cir. 2017) ("Petitioner contends that because the sentencing order did not set forth a payment schedule, prison officials were without authority to collect a payment through the IFRP. However, the Court is at a loss to understand why Petitioner takes this position. The Court considered his ability to pay . . . and set a payment schedule effective while Petitioner is in prison ('not less than $25 per quarter'). This is sufficient.") (citing *Lemoine*, 546 F.3d at 1047).

Defendant complains that the IFRP "penalizes inmates who decline to contribute to the payment of any 'financial obligation' while incarcerated." Doc. 204 at 4 (citations omitted). The IFRP "was created to serve both penal and social purposes and it allows inmates to pay a broad range of financial obligations while incarcerated." *Su'esu'e v. Thomas*, No. CIV. 10-606-AC, 2011 WL 2934315, at *1 (D. Or. June 22, 2011) (citing 28 C.F.R. §§ 545.10-545.11); *see also Mentor v. Matevousian*, No. 1:16-cv-00220-DAD-JLT, 2016 WL 3569843, at *4 (E.D. Cal. June 30, 2016) (the "IFRP applies to nearly all post-trial inmates in federal facilities and is meant to encourage inmates to meet their 'legitimate financial obligations'") (citing 28 C.F.R. § 545.10). Under the program, BOP staff work with inmates to develop a financial plan, taking into account an inmate's financial obligations and ability to pay. 28 C.F.R. § 545.11. Defendant notes, correctly, that non-participation in the IFRP carries certain consequences, including limitations on furloughs, pay, work detail, commissary spending, housing status, and placement in

community-based programs.  *See* Doc. 204 at 4 (citing 28 C.F.R. § 545.11(d)); *Mentor*, 2016 WL 3569843, at *4 (same).

But the IFRP "is a voluntary program and [Defendant is] free to decline to participate in the IFRP[.]" *Mentor*, 2016 WL 3569843, at *4.  The Ninth Circuit has made clear that inmates have "no entitlement, constitutional or otherwise, to any of the benefits agreeing to participate in the IFRP would provide," and that "the consequences of declining to participate in the IFRP are reasonably related to the legitimate penological interest of rehabilitation because the program promotes acceptance of responsibility and fulfillment of the obligation to make restitution to victims." *Lemoine*, 546 F.3d at 1049.  Defendant's challenge to the BOP's use of the IFRP in this case is without merit.  *See id.*; *Montano-Figueroa v. Crabtree*, 162 F.3d 548, 549-50 (9th Cir. 1998) (noting that the IFRP has been upheld generally and against constitutional challenges alleging violations of due process, Article III powers, and the separation of powers doctrine) (citations omitted); *Vondette v. Ives*, No. CV 13-07351-DSF VBK, 2014 WL 657877, at *6 (C.D. Cal. Feb. 18, 2014) ("The Ninth Circuit has expressly held that the voluntary nature of the IFRP plan, and the consequences for electing not to participate in the plan, do not violate any Constitutional right, impose any 'atypical and significant hardship,' or infringe on any constitutionally-protected liberty interest.") (citing *Lemoine* and *Montano-Figueroa*); *Long v. Baltazar*, No. CV-18-00520-TUC-RM (EJM), 2020 WL 6162923, at *8 (D. Ariz. Sept. 17, 2020) ("Petitioner voluntarily enrolled in the IFRP and is free to stop participating in the program at any time.  Petitioner 'did not have a preexisting right to receive any of the benefits conditioned on his participation' in the IFRP, nor does he have any constitutional rights to those privileges.") (citing *Lemoine*); *Ybarra v. Fed. BOP*, No. CV 13-1126-PHX-DGC, 2015 WL 1754706, at *1 (D. Ariz. Apr. 17, 2015) ("Although the MVRA prohibits courts from delegating the responsibility to set restitution payment schedules, nothing in the statute or case law limits the operation of an independent program like the IFRP, which helps inmates develop financial plans and encourages them to voluntarily make restitution payments above what is mandated in their sentencing orders."); *Su'esu'e*, 2011 WL

2934315, at *5 ("Because Petitioner presents no evidence that the IFRP plan proposed by the BOP is contrary to the sentencing court's directive, and because the Ninth Circuit has upheld the legality of the IFRP and the BOP's ability to withhold privileges from inmates who choose not to participate in the program, Petitioner's IFRP claim cannot stand.") (citations omitted).

Defendant requests in the alternative that the Court stay payment of monetary penalties pursuant to Federal Rule of Criminal Procedure 38(e), which provides that "[i]f the defendant appeals, the district court . . . may stay – on any terms considered appropriate – any sentence providing for restitution." *See* Doc. 204 at 5; Fed. R. Crim. P. 38(e)(1); *United States v. Alvarez*, No. 14-CR-1748-GPC, 2015 WL 13187313, at *2 (S.D. Cal. Apr. 10, 2015) ("Under Rule 38(e)(1), the Court has the discretion to stay restitution pending appeal, and to set whatever terms the Court considers appropriate during the pendency of the stay."). The Court will deny Defendant's request to stay payment of monetary penalties. To ensure that the funds will be available to Defendant if his appeal succeeds, however, the Court agrees with the government that any future payments Defendant makes during his appeal should be deposited into the Court's registry and not disbursed by the Clerk until further Court order. *See* Docs. 209 at 3-4, 210 at 4; *United States v. Lillard*, No. CR15-270RSM, 2020 WL 2190656, at *2 (W.D. Wash. May 6, 2020) ("[T]he Court finds that Mr. Lillard is not entitled to a stay on restitution payments, but agrees with the Government that a portion of his restitution payments should be deposited into the Court's registry until after disposition of the appeal, pursuant to Federal Rule of Criminal Procedure 38(e)(2)(C).").

**IT IS ORDERED:**

1. Defendant's motion to clarify or stay monetary penalties included in the judgment (Doc. 204) is **denied**.

2. All future payments of monetary penalties shall be deposited into the Court's registry and shall not disbursed by the Clerk absent a Court order.

3. The parties shall promptly notify the Court when Defendant's appeal has been resolved.

Dated this 2nd day of August, 2022.

*David G. Campbell*
David G. Campbell
Senior United States District Judge